COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


DAVID RAY RIGGS, JR.

MEMORANDUM OPINION[*] BY
v.  Record No. 1199-94-2            JUDGE JAMES W. BENTON, JR.
                                        OCTOBER 24, 1995
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       Lee A. Harris, Jr., Judge

            Joseph Dee Morrissey (Gary R. Hershner;
            Hershner & Jacobs, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General,
            on brief), for appellee.


     David Ray Riggs, Jr., was tried without a jury and convicted
of robbery and use of a firearm in the commission of robbery.
Code §§ 18.2-53.1 and 18.2-58.  He contends the evidence was
insufficient to support the convictions.  For the reasons that
follow, we affirm the convictions.

     The evidence proved that Riggs and Stoney Verlander visited
Terry Smith's apartment to have tattoos placed on their bodies.
Remke Wallermeyer gave Verlander his tattoo first.  Before
receiving his tattoo, Riggs removed his shirt and a gold necklace
and placed them on a chair.  After Wallermeyer gave Riggs his
tattoo, Riggs and Verlander left the apartment.

     Several minutes after they left, Riggs telephoned Smith and
asked Smith to look for his gold chain.  After Smith and his

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

roommates, Steve Marshall and Anja Anderton, searched the apartment for the necklace, Smith told Riggs that they could not find it. Within minutes of the telephone call, Verlander and Riggs returned to the apartment. Smith, Marshall, Anderton, Wallermeyer and Anthony Johnson were all in the apartment.

Riggs angrily accused the people in the apartment of having his necklace and told them to empty their pockets. After Smith emptied his pockets and was replacing items in his pockets, Riggs made Smith empty his pockets a second time. Smith testified that Verlander then pointed a gun at him. When Smith removed $200 from his pocket and held it in his hand, Riggs took the money and stated, "that makes us even for the chain." He also told Smith, "when you find my chain, you can have your money." Smith then noticed that Riggs was holding a gun at Riggs' side.

Johnson testified that Riggs was upset when he made the accusations. Both Johnson and Wallermeyer testified that neither Verlander nor Riggs had a weapon. Marshall testified that both Verlander and Riggs had a gun. Anderton testified that Riggs was angry and hollering and that Verlander had a gun. Smith testified that although he was not verbally threatened by Riggs, he was frightened and did not want to give his money to Riggs.

To sustain a conviction of robbery, the evidence must prove that Riggs took, with the intent to steal, property from Smith by violence, force, or intimidation. Mitchell v. Commonwealth, 213 Va. 149, 149, 191 S.E.2d 261, 261 (1972). Intent to steal means

an intent to deprive permanently of the property.  Pierce v.
Commonwealth, 205 Va. 528, 533, 138 S.E.2d 28, 31 (1964).  All
the elements of the offense must be proved beyond a reasonable
doubt.  Mitchell, 213 Va. at 149, 191 S.E.2d at 261.

When the issue of sufficiency of the evidence is raised
following a conviction, we must view the evidence in the light
most favorable to the Commonwealth.  Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So
viewed, the evidence proved that Riggs angrily entered the
apartment and forced each person to empty his and her pockets.
Although the evidence concerning the guns was in conflict, the
trier of fact could have found beyond a reasonable doubt from the
witnesses' testimony that both Riggs and Verlander had guns when
they made the people empty their pockets.  Hall v. Commonwealth,
8 Va. App. 526, 530, 383 S.E.2d 18, 21 (1989).  The evidence
further proved that when Riggs took money from Smith, Verlander
was pointing his gun at Smith.  Riggs also had a gun at his side.
 This evidence proved beyond a reasonable doubt that the taking
of the money was accompanied by force or intimidation.

Riggs contends that the evidence did not prove he intended
to permanently deprive Smith of the money.  We disagree.  When
Riggs took the money from Smith, he had no basis to believe that
Smith had taken his necklace or knew where his necklace was.
Thus, his statement, "when you find my chain, you can have your
money," does not evince an intent not to permanently deprive

- 3 -

Smith of the money.  From his statement, the trier of fact could have found beyond a reasonable doubt that he intended to keep the money if Smith did not find and deliver the chain to him.

For these reasons, we conclude that the evidence proved beyond a reasonable doubt all the elements of robbery and use of a firearm in the commission of robbery.

<u>Affirmed</u>.